IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Jeffrey Duncan, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No.   1:17-cv-2202<br>) |
| Optio Solutions, LLC, a Delaware limited liability company, d/b/a Qualia Collection Services, | )<br>)<br>)<br>) |
| Defendant. | )   <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Jeffrey Duncan, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and b) Plaintiff and Defendant reside here.

**PARTIES**

3. Plaintiff, Jeffrey Duncan ("Duncan"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt, which was allegedly for a credit card.

4.      Defendant, Optio Solutions, LLC, d/b/a Qualia Collection Services or QCS ("QCS"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant QCS operates a nationwide debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Indiana.  In fact, Defendant QCS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant QCS is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant QCS conducts business in Indiana.

6.      Defendant QCS is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, Defendant QCS acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7.      Defendant QCS sent Mr. Duncan an initial form collection letter, dated February 22, 2017, which stated:

Original Creditor: Chase Bank N.A.

Creditor:          Capital One N.A.

The letter then stated that "Kohl's Department Stores Inc. has placed your account" for collection.  A copy of Defendant's letter is attached as Exhibit C.

8.      This would leave as consumer with no idea as to the name of the current creditor to whom the debt was actually owed -- was it Chase (original creditor), Capital

One (creditor) or Kohl's?

9. The identity of a consumer's current creditor is a critical piece of information, and the false identification of the creditor in a dunning letter would be likely to mislead a consumer in a material way and would cause the consumer to suffer a disadvantage in charting the course of action in response to the collection effort, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317 (7th Cir. 2016); and, Tourgeman v. Collins Financial Services, 755 F.3d 1109, 1121 (9th Cir. 2014).

10. Defendant's collection actions complained of herein (Exhibit C) occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

12. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, QCS had to provide Mr. Duncan with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

13. Defendant's form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to identify effectively the current creditor to whom the debt was owed. See, Janetos, 825 F.3rd at 324-325; see also, Long v. Fenton & McGarvey, 2016 U.S. Dist. LEXIS 170421 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. Lexis 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS

68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

14. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

15. Plaintiff, Jeffrey Duncan, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a Chase/Capital One/Kohl's account, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

16. Defendant QCS regularly engages in debt collection, using the same form collection letter they sent Plaintiff Duncan, in its attempts to collect delinquent consumer debts from other consumers.

17. The Class consists of more than 35 persons from whom Defendant QCS attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Duncan.

18. Plaintiff Duncan's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

19. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

20. Plaintiff Duncan will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Duncan has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Jeffrey Duncan, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Duncan as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Duncan and the Class, and against Defendant QCS, for statutory damages, costs, and reasonable attorneys' fees as

provided by § 1692k(a) of the FDCPA; and,

     5.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jeffrey Duncan, individually and on behalf of all others similarly situated, demands trial by jury.

                         Jeffrey Duncan, individually and on behalf of all others similarly situated,

                         By: /s/ David J. Philipps
                         One of Plaintiff's Attorneys

Dated:  June 27, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com